**SULAIMAN LAW GROUP, LTD.**
Bobby C. Walker, Esq. (State Bar No. 321788)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
Facsimile: (630) 575-8188
Email: bwalker@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIE L. PORTER,<br><br>        Plaintiff,<br><br>v.<br><br>LAW OFFICES OF HARRIS & ZIDE,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes JENNIE L. PORTER ("Plaintiff"), by and through the undersigned, complaining as to the conduct of LAW OFFICES OF HARRIS & ZIDE. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt

1

Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788 *et seq.*, against Defendant for its unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Eastern District of California.

## PARTIES

4. Plaintiff is a consumer and a natural person over-the-age of 18 residing in Lemoore, California, which is within the Eastern District of California.

5. Defendant is a third party debt collection law firm that regularly collects or attempts to collect debts originally owed to others.[1] Defendant's principal place of business is located at 1445 Huntington Drive, Suite 300, South Pasadena, California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

---

[1] https://www.harrisandzide.com/

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempt to collect upon outstanding debts ("subject debts") said to be owed by Plaintiff.

8. The subject debts stem from Plaintiff's purportedly defaulted payments said to be owed in connection with two different accounts that originated with Bank of America ("BofA") which were used by Plaintiff for her personal purposes.

9. Plaintiff had previously worked with a debt negotiation company, Freedom Debt Relief ("FDR") and in connection therewith, one of the subject debts was enrolled in FDR's program; however, Plaintiff cancelled her relationship with FDR in approximately February 2021.

10. Upon information and belief, after Plaintiff's purported default on the subject debts, BofA charged off the subject debts and eventually placed the same with Defendant for collection purposes.

11. Unbeknownst to Plaintiff, one of the subject debts was reduced to judgment.

12. Plaintiff did not become aware of the collection efforts related to the subject debt until she received notification from her employer that her wages were being garnished.

13. Confused, Plaintiff contacted Defendant in an effort to try and pay the debt so as to prevent the further garnishment of her wages.

14. Upon speaking with Defendant, Plaintiff was informed that, because Plaintiff executed a power of attorney in connection with the subject debt enrolled in FDR's

3

program, Defendant could not speak with Plaintiff about the subject debt resulting in her wages being garnished.

15. Plaintiff informed Defendant that she had stopped working with FDR over a year ago, that any power of attorney was no longer effective, and that FDR should've notified Defendant of the same.

16. Despite being provided this information, Defendant still refused to talk to Plaintiff about the subject debt resulting in garnishment.

17. As a result of Defendant's refusal, Plaintiff has continued to have her wages garnished despite her efforts to prevent such further garnishment.

18. While Defendant would refuse to speak with Plaintiff about the debt resulting in her wages being garnished, Defendant was willing to speak with Plaintiff about the other BofA obligation, which purportedly totaled around $18,000.00.

19. Plaintiff was not in a position to be able to meet Defendant's demands for payment, and informed Defendant as such.

20. Rather than understand Plaintiff's position, Defendant instead told Plaintiff that if she didn't pay she would have her wages garnished and a lien put on her home.

21. Defendant's conduct and threats resulted in Plaintiff suffering emotional distress with physical manifestations thereof, including high blood pressure.

22. Upon information and belief, Defendant has not yet reduced the second BofA obligation to judgment, rendering its threats of wage garnishment and lien placement

deceptive in that they misrepresent the certainty of the outcomes absent the requisite due process for such threats to be realized.

23. Confused and distressed by the nature of Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in the loss of time and expenditure of resources.

24. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to emotional distress with physical manifestations of such distress, invasion of privacy, being denied the ability to intelligently respond to Defendant's collection efforts, pecuniary harm in the form of further wage garnishment that could have been rendered moot but-for Defendant's unfair conduct, and numerous violations of her state and federally protected interests to be free from harassing and unfair collection conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Plaintiff repeats and alleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others. Defendant is similarly a business whose principal purpose is the collection of debts.

28. The subject debts are both a "debt" as defined by FDCPA §1692a(5) they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692d**

29. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

30. Defendant violated § 1692d through its harassing threats of wage garnishment. Defendant made its affirmative threats of wage garnishment and lien placement on an obligation that had not been reduced to judgment in order to harass Plaintiff into paying the subject debt. Defendant's improper threats were designed with the natural consequence of abusing and scaring Plaintiff into meeting Defendant's demands for payments.

    b. **Violations of the FDCPA § 1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The representation or implication that nonpayment of any debt will result in the . . . seizure, garnishment, attachment, or sale of any property or wages . . . ." 15 U.S.C. § 1692e(4).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §§ 1692e. e(2)(A), e(4), e(5), and e(10) through its threat of garnishment and lien placement absent due process. Defendant lacked the lawful ability to make these threats regarding the subject debt it was actually willing to speak with Plaintiff about since Defendant did not have an underlying court judgment entered in connection with debt tied to its improper threats. Defendant's false and deceptive conduct caused Plaintiff concrete harm in the form of physical manifestations of emotional distress, including high blood pressure.

   **c.  Violations of the FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated § 1692f through its unfair refusal to speak with Plaintiff regarding the subject debt that was resulting in her wages being garnished. Defendant had more than enough information to know that the reason justifying its refusal to speak with Plaintiff was invalid, yet it unfairly persisted in refusing to allow Plaintiff to speak with Defendant in hopes of potentially obviating the need for further wage

garnishment. Defendant engaged in this unfair conduct since, once the wage garnishment was in place, it was certain in its receipt for payment; however, that does not justify Defendant's unfair treatment of Plaintiff. Defendant's unfair conduct has caused Plaintiff concrete in the harm of being further subjected to wage garnishments that could have been obviated but-for Defendant's unfair conduct.

WHEREFORE, Plaintiff JENNIE L. PORTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further violations of law; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE RFDCPA

36. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

37. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

38. The subject debts are both a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

39. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

41. As outlined above, through its unlawful attempts to collect upon the subject debts from Plaintiff, Defendant violated § 1788.17 through its violations of §§ 1692d, e, and f of the FDCPA. Defendant engaged in harassing, deceptive, and unfair conduct in its efforts to collect the subject debt from Plaintiff.

WHEREFORE, Plaintiff, JENNIE L. PORTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further violations of law; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: September 26, 2022 Respectfully submitted,

/s/Bobby C. Walker
Bobby C. Walker, Esq.
California Bar No. 321788
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
bwalker@sulaimanlaw.com